ALAN W. WESTBROOK, ESQ.
Nevada Bar No. 006167
Perry & Westbrook,
A Professional Corporation
1701 W. Charleston Boulevard #200
Las Vegas, Nevada 89102
Telephone: (702) 870-2400
Facsimile: (702) 870-8220
E-Mail: awestbrook@perrywestbrook.com
Attorneys for Defendant

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| TAMARINA COURNOYER, individually,<br><br>Plaintiff,<br><br>vs.<br><br>TARGET CORPORATION d/b/a TARGET #2472; DOES I-X and ROE CORPORATIONS I-X, inclusive,<br><br>Defendants. | CASE NO. 3:20-cv-00413-RCJ-WGC<br><br>**STIPULATION AND ORDER FOR CONFIDENTIALITY AND PROTECTION** |

IT IS HEREBY STIPULATED AND AGREED by the undersigned attorneys that, with regard to the material disclosed in the course of above captioned lawsuit ("Lawsuit") which constitute or contain trade secrets or other confidential research, development, or commercial information of the parties ("Confidential Material"), the following procedures shall govern:

1. This Order is meant to encompass all forms for disclosure which may contain Confidential Material, including any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript, inspection and all other tangible items (electronic media, photographs, videocassettes, etc.).

2. The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such materials "Confidential". If any material has multiple pages, this designation need only be placed on the first page of such material. Any material designated as "Confidential" shall not be

disclosed to any person or entity, except to the respective parties and expert witnesses assisting counsel in this Lawsuit.

3. Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

4. Prior to disclosure of any Confidential Material, each person to whom disclosure is to be made shall execute a written "Agreement to be Bound by Confidentiality Agreement" (in the form attached hereto as Exhibit A) consenting to be bound by the terms of this Order. The parties, counsel for the respective parties (including legal assistants and other personnel) are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

5. Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material. Upon dissemination of any Confidential Material, each non-designating counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any person given Confidential Material, and (2) the identity of the Confidential Material so disseminated (such as by "Bates stamp" number). Such record shall be made available to the designating party upon request.

6. If additional persons become parties to this Lawsuit, they shall not have access to any Confidential Material until they execute and file with the Court their written agreement to be bound by the terms of this Order.

7. In the event that any question is asked at a deposition that calls for the disclosure of Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant to this Order. Deposition testimony may be designated as confidential following the testimony having been given provided that: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing thirty days after receipt by the designating party of the respective deposition transcript. All deposition transcripts in their entirely shall be treated in the interim as "Confidential"

1  pursuant to paragraph 2 above. When Confidential material is incorporated in a deposition
2  transcript, the party designating such information confidential shall make arrangements with
3  the court reporter not to disclose any information except in accordance with the terms of this
4  Order.

5      8.    If a deponent refuses to execute a Confidentiality Agreement, disclosure of
6  Confidential Material during the deposition shall not constitute a waiver of confidentiality.
7  Under such circumstances, the witness shall sign the original deposition transcript in the
8  presence of the court reporter and no copy of the transcript or exhibits shall be given to the
9  deponent.

10     9.    If a party wishes to file any Confidential Material under seal, the party must
11 comply with the requirements of Local Rule IA 10-5 and the Ninth Circuit Court of Appeals'
12 decision in *Kamakan v. City and County of Hawaii*, 447 F.3d 1172 (9th Cir.2006). If a non-
13 designating party is subpoenaed or ordered to produce Confidential Material by another court
14 or administrative agency, such party shall promptly notify the designating party of the
15 pending subpoena or order and shall not produce any Confidential Material until the
16 designating party has had reasonable time to object or otherwise take appropriate steps to
17 protect such Confidential Material. *See also, Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).

18     10.    If a party believes that any Confidential Material does not contain confidential
19 information, it may contest the applicability of this Order to such information by notifying the
20 designating party's counsel in writing and identifying the information contested. The parties
21 shall have thirty (30) days after such notice to meet and confer and attempt to resolve the
22 issue. If the dispute is not resolved within such period, the party seeking the protection shall
23 have thirty days in which to make a motion for a protective order with respect to the
24 contested information. The party asserting that the disputed information is confidential and
25 subject to a Protective Order bears the burden of meeting the compelling reasons standard by
26 articulating compelling reasons supported by specific factual findings that outweigh the
27 general history of access and the public policies favoring disclosure, such as the public
28 interest in understanding the judicial process.

11. Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.

12. Inadvertent failure to designate any material "Confidential" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen days after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this order.

13. This Order shall be without prejudice to the right of any party to oppose any information of object to its admissibility into evidence.

14. When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to the Court and all counsel of record.

15. Within thirty days after the termination of this Lawsuit (whether by dismissal or final judgment), all Confidential material (including all copies) shall be returned to counsel for the designating party. In addition, counsel returning such material shall execute an affidavit verifying that all Confidential Material produced to such counsel and any

///
///
///
///
///
///
///
///
///

subsequently made copies are being returned in their entirety pursuant to the terms of this order. Such a representation fully contemplates that returning counsel has: (1) contacted all persons to whom that counsel disseminated Confidential Material, and (2) confirmed that all such material has been returned to disseminating counsel.

DATED this -24TH- day of July, 2020.   DATED this -24TH- day of July, 2020.

CONNELL LAW

PERRY & WESTBROOK,
a Professional Corporation

By: —/s/ Christopher S. Connell—
CHRISTOPHER S. CONNELL, ESQ.
Nevada Bar No. 012720
6671 Las Vegas Boulevard #210
Las Vegas, Nevada 89119
Telephone: (702) 266-6355
Facsimile: (702) 829-5930
E-mail: cconnell@connelllawlv.com
*Attorneys for Plaintiff*

By: —/s/ Alan W. Westbrook—
ALAN W. WESTBROOK, ESQ.
Nevada Bar No. 006167
1701 W. Charleston Boulevard #200
Las Vegas, Nevada 89102
Telephone: (702) 870-2400
Facsimile: (702) 870-8220
E-Mail: awestbrook@perrywestbrook.com
*Attorneys for Defendant*

Paragraph 9 is also governed by *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). **IT IS SO ORDERED.**

William G. Cobb
_____
UNITED STATES MAGISTRATE JUDGE

DATED: July 27, 2020.

EXHIBIT A

```
 1  ALAN W. WESTBROOK, ESQ.
    Nevada Bar No. 006167
 2  Perry & Westbrook,
    A Professional Corporation
 3  1701 W. Charleston Boulevard #200
    Las Vegas, Nevada 89102
 4  Telephone: (702) 870-2400
    Facsimile:  (702) 870-8220
 5  E-Mail: awestbrook@perrywestbrook.com
    Attorneys for Defendant
 6
```

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| TAMARINA COURNOYER, individually, | CASE NO. 3:20-cv-00413-RCJ-WGC |
| Plaintiff, | |
| vs. | **AGREEMENT TO BE BOUND BY CONFIDENTIALITY AGREEMENT** |
| TARGET CORPORATION d/b/a TARGET #2472; DOES I-X and ROE CORPORATIONS I-X, inclusive, | |
| Defendants. | |

STATE OF NEVADA   )
                  )
COUNTY OF CLARK   )

   BEING DULY SWORN, I hereby attest:

   1.   It is my understanding that confidential information will be provided to me pursuant to the terms and restrictions of the Stipulation and Order for Confidentiality and Protection entered by the Court in the above captioned action.

   2.   I have been given a copy of and have read the Stipulation and Order for Confidentiality and Protection and have had its meaning and effect explained to be by the attorneys providing me with such confidential information, and that I hereby agree to be bound by it.

   3.   I further agree that I shall not disclose such confidential information to others, except in accordance with the Stipulation and Order for Confidentiality and Protection.

///

1   4.    It is my understanding that if I fail to abide by the terms of the Stipulation and Order for Confidentiality and Protection I may be subject to sanctions imposed by the Court for such a failure.

5.    I hereby consent to the jurisdiction of the Court for purposes of enforcing the Stipulation and Order for Confidentiality and Protection.

DATED _____.

_____

SUBSCRIBED AND SWORN TO before me this ____ day of _____.

_____
Notary Public in and for said County and State